THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GREGORIO GALLEGOS/CORAL GARZA D/B/A SUPER KIDS ACADEMY DAY CARE CENTER (1522), | § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | CIVIL ACTION NO. 7:16-cv-00611 |
| MARKEL INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## DEFENDANT MARKEL INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Markel Insurance Company ("MIC") hereby removes the action styled and numbered, *Gregorio Gallegos/Coral Garza D/B/A Super Kids Academy Day Care Center (1522) v. Markel Insurance Company*, CL-16-3608-D, currently pending in the County Court At Law No. 4, Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.  THE STATE COURT ACTION

1.     On September 14, 2016, Gregorio Gallegos/Coral Garza D/B/A Super Kids Academy Day Care Center (1522) ("Plaintiffs") filed its Original Petition in Cause No. CL-16-3608-D against Markel.

### II.  MIC'S NOTICE OF REMOVAL IS TIMELY

2.     Plaintiffs served MIC with the Original Petition and citation on September 22, 2016. Accordingly, MIC files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### III.  VENUE IS PROPER

3.      Venue is proper in the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### PARTIES

### IV.  BASIS FOR REMOVAL JURISDICTION

4.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between all Plaintiffs and the Defendant.

5.      Plaintiffs are Texas residents who resides and do business in Hidalgo County, Texas. Therefore, for the purposes of diversity citizenship, Plaintiffs are citizens of the State of Texas.

6.      At the time this lawsuit was filed, and at the date of this Notice, MIC is a citizen of the state of Illinois with its principal place of business in Virginia.  Therefore, for the purposes of diversity citizenship, Markel is not a citizen of the State of Texas.

7.      Accordingly, there is now, and was at the time this action was filed, complete diversity between all Plaintiffs, Gregorio Gallegos/Coral Garza D/B/A Super Kids Academy Day Care Center (1522), and Defendant MIC.

## V.  AMOUNT IN CONTROVERSY

8.      If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, MIC's burden is satisfied.[1]

9.      In the Original Petition, Plaintiffs note that they seek "actual damages from MARKEL INSURANCE COMPANY. The total damages sought by Plaintiff against Defendant for all elements of damage does not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs." [2]   However, the damages actually approach $100,000.

10.     Plaintiffs also allege in the Original Petition, "Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b)."g [3]

11.     Additionally, "Plaintiff (sic) further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 (and) 542.060 of the Texas Insurance Code." [4]

12.     Therefore, it is apparent that Plaintiffs' claims in the Original Petition exceed the amount required to support federal jurisdiction.

---

[1]     *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1999).

[2]     *See* Plaintiffs' Original Petition, attached as Exhibit B, pages 1-2, paragraphs 3-4.

[3]     *See* Plaintiffs' Original Petition, attached as Exhibit B, page 5, paragraphs 20.

[4]     *See* Plaintiffs' Original Petition, attached as Exhibit B, page 6, paragraphs 23.

13.     Plaintiffs' Original Petition also insists that, "Plaintiff (sic) herein hereby renounces any judgment in excessive of $74,999, exclusive of interest and costs which might be rendered in her favor. See attached Stipulation of Damages." [5]

14.     "When [a] removing defendant shows that amount in controversy actually exceeds federal jurisdictional amount, plaintiff's required showing, to prevent removal, that it is certain that he will not be able to recover more than damages prayed for in state court complaint below the jurisdictional amount, can be met by showing state procedural rules binding plaintiffs to their pleadings; otherwise, plaintiff seeking to prevent removal must file binding stipulation or affidavit with complaint; once defendant has removed, later filings are irrelevant."[6]

15.     It is apparent that Plaintiffs' claims in the Original Petition approach $100,000 and therefore exceed the jurisdictional amount. [7]

16.     Additionally, the "Binding Stipulation" attached to Plaintiff's Original Petition does not qualify as a binding stipulation, as the parties have not agreed to the terms of the attachment. [8]

17.      Furthermore, the "Binding Stipulation" attached to the Plaintiff's Original Petition does not qualify as an affidavit as the document is neither notarized nor does it contain the signature of any Plaintiff, merely Plaintiffs' counsel. [9]

---

[5]     *See Id.*; *see also* Plaintiffs' Original Petition, attached as Exhibit B, "Stipulation of Damages" attachment, page 17 of 17.

[6]     *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[7]     *See* Plaintiffs' Original Petition, attached as Exhibit B, page 1, paragraph 3.

[8]     *See Cantu v. Allstate Vehicle*, 7:16-CV-084, 2016 WL 1695284, at *3 (S.D. Tex. Apr. 28, 2016) (noting that "first and foremost," in consideration of a binding stipulation, the parties had not actually signed a stipulation limiting the amount of damages).

[9]     *See* Plaintiffs' Original Petition, attached as Exhibit B, "Binding Stipulation" attachment, page 2 of 2.

## VI.  EXHIBITS

18.      MIC files this Notice of Removal, accompanied by the following exhibits:

      a.      All executed process in the case, attached hereto as ***Exhibit A***.

      b.      Plaintiffs' Original Petition, attached hereto as ***Exhibit B***.

      c.      Defendant MIC's Original Answer and Affirmative Defenses, attached hereto as ***Exhibit C***.

      d.      The state court docket sheet, attached hereto as ***Exhibit D***.

      e.      An index of matters being filed, attached hereto as ***Exhibit E***.

      f.      A list of all counsel of record, including addresses, telephone numbers, and parties represented, attached hereto as ***Exhibit F***.

## VII.  JURY DEMAND

19.      Plaintiffs demanded a jury in the state court action.

## VIII.  CONCLUSION

20.      MIC will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

21.      Therefore, MIC hereby provides notice that this action is duly removed.

Respectfully submitted,


By:    /s/ Todd M. Tippett
Todd M. Tippett
ttippett@zelle.com
Texas Bar No. 24046977
Southern District of Texas No. 573544
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994


**ATTORNEY-IN-CHARGE FOR
DEFENDANT MARKEL INSURANCE
COMPANY**

**OF COUNSEL:**

Andrew A. Howell
ahowell@zelle.com
Texas Bar No. 24072818
Southern District of Texas No. 1751294
**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEY FOR DEFENDANT
MARKEL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Notice of Removal has been served this __20th__ day of October, 2016, by electronic filing as follows:

> DOUGLAS E. PENNEBAKER
> State Bar No. 00788178
> WILLIE MCALLEN
> State Bar No. 24047468
> MICHAEL R. DE LEON
> State Bar No. 24055389
> **PENNEBAKER LAW FIRM**
> 1045 Cheever Blvd., Suite 103
> San Antonio, Texas 78217
> Telephone:  210-562-2888
> Facsimile:  210-562-2880
> doug@pennebakerlaw.com

> **ATTORNEYS FOR PLAINTIFFS**

_/s/ Todd M. Tippett_
Todd M. Tippett
