# Exhibit B

CAUSE NO. **CL-16-3608-D**

| | | |
|---|---|---|
| GREGORIO GALLEGOS/ | § | IN THE COUNTY COURT |
| CORAL GARZA D/B/A SUPER KIDS | § | |
| ACADEMY DAY CARE CENTER (1522) | § | |
| | § | |
| VS. | § | AT LAW NUMBER _____ |
| | § | |
| | § | |
| MARKEL INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**GREGORIO GALLEGOS AND CORAL GARZA D/B/A SUPER KIDS ACADEMY DAY CARE CENTER (1522)**, Plaintiff herein, files this Original Petition against Defendant, MARKEL INSURANCE COMPANY, and, in support of Plaintiff's causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1. Plaintiff is a Texas resident who resides and conducts business in Hidalgo County, Texas. Said property is located at: **1522 N. Cage Blvd., Pharr, Texas 78577**

2. Defendant, MARKEL INSURANCE COMPANY is a forign corporation authorized to engage in the insurance business in the State of Texas. This Defendant may be served by serving the **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Service is requested by certified mail, return receipt requested at this time.

## II.
## AMOUNT IN CONTROVERSY AND DISCOVERY CONTROL PLAN
## FOR EXPEDITED LAWSUIT TO RULE TRCP 169

3. Plaintiff seeks monetary relief not exceed the sum of $74,999.00, which is an amount less than $100,000, and thus this case should be administered pursuant to TRCP 169. Therefore, Plaintiff intends to conduct discovery pursuant to Rule 190.2.

Case 7:16-cv-00611 Document 1-3 Filed in TXSD on 10/20/16 Page 3 of 18

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff seeks actual damages from MARKEL INSURANCE COMPANY. The total damages sought by Plaintiff against Defendants for all elements of damage does not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs. Plaintiff will not seek or accept any damages, recover or award that may be rendered in the above-captioned matter in excessive of $74,999.00. Further, Plaintiff herein hereby renounces any judgment in excessive of $74,999, exclusive of interest and costs which might be rendered in her favor. See attached Stipulation of Damages.

## IV. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Venue is proper in HIDALGO County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.
## FACTUAL BACKGROUND

7. Plaintiff is a named insured under a commercial property insurance policy issued by MARKEL INSURANCE COMPANY.

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

**CL-16-3608-D**

8. On or about AUGUST 13, 2014, a storm hit the HIDALGO County area, damaging Plaintiff's commercial property. Plaintiff subsequently filed a claim on Plaintiff's insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. MARKEL INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

11. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract (MARKEL INSURANCE COMPANY Only)**

12. MARKEL INSURANCE COMPANY had a contract of insurance with Plaintiff. MARKEL INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute (MARKEL INSURANCE COMPANY Only)**

13. The failure of MARKEL INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

14. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.  Bad Faith/DTPA (MARKEL INSURANCE COMPANY)**

15. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

16. Defendant violated § 541.051 of the Texas Insurance Code by:

3

Case 7:16-cv-00611 Document 1-3 Filed in TXSD on 10/20/16 Page 5 of 18

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

(1) making statements misrepresenting the terms and/or benefits of the policy.

17. Defendant violated § 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

17. Defendant violated § 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

18. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

4

Case 7:16-cv-00611   Document 1-3   Filed in TXSD on 10/20/16   Page 6 of 18

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

19. Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) MARKEL INSURANCE COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) MARKEL INSURANCE COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, such as for repairs to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that MARKEL INSURANCE COMPANYtook advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

20. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

D.   **Attorneys' Fees**

21. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

22. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX.

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

23. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII. CONDITIONS PRECEDENT

24. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII. DEMAND FOR JURY

25. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX. DISCOVERY REQUESTS

26. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

27. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## X.
## MOTION TO COMPEL MEDIATION
## PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE

Plaintiff(s) are seeking relief pursuant to §541 and §542 of the Insurance Code. Therefore, pursuant to S 541.161, the Plaintiff(s) files this Motion to Compel Mediation. Section 541.161 specifically states that the Court shall, not later than the 30th day after the motion is filed, sign an Order setting the time and place of the mediation. The Court shall appoint a mediator if the parties to not agree. The mediation must be held not later than the 30th day after the Order is signed.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
DOUGLAS E. PENNEBAKER
State Bar No. 00788178
**Lead counsel email: Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFFS
AND
WILLIE MCALLEN
State Bar No. 24047468
MICHAEL R. DE LEON
State Bar No. 24055389

7

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Douglas E. Pennebaker, Pennebaker Law Firm, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Pennebaker Law Firm. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a. You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:
   1. Identify the document's title and general subject matter;

Case 7:16-cv-00611   Document 1-3   Filed in TXSD on 10/20/16   Page 10 of 18

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

    2. State its date;
    3. Identify all persons who participated in its preparation;
    4. Identify the persons for whom it was prepared or to whom it was sent;
    5. State the nature of the privilege claimed; and
    6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
    1. His or her name;
    2. His or her last known business and residence address and telephone number; and
    3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.
    J. "Lawsuit" means this lawsuit.

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

1. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

2. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

3. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

   ANSWER:

4. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

   ANSWER:

5. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

   ANSWER:

6. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

   ANSWER:

7. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

   ANSWER:

Case 7:16-cv-00611   Document 1-3   Filed in TXSD on 10/20/16   Page 12 of 18

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

8. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 or 542 that were discovered on this claim during the claims handling process.

ANSWER:

9. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

10. State the date Defendant first anticipated litigation.

ANSWER:

11. State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

12. Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

13. Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

14. Give the name, address and telephone number of all persons making a claim with you for property damage for the same AUGUST 13, 2014 as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

ANSWER:

15. List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the AUGUST 13, 2014 at issue to date.

ANSWER:

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## REQUESTS FOR PRODUCTION TO DEFENDANT INSURANCE COMPANY

1. The following insurance documents issued for the Property as identified in the Petition:
   a. the policy at issue for the AUGUST 13, 2014 as identified in the Petition; and b. the policy declarations page for the 3 years preceding the storm.

   RESPONSE:

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

   RESPONSE:

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

   RESPONSE:

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

   RESPONSE:

6. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

   RESPONSE:

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

**CL-16-3608-D**

7. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years, This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

   RESPONSE:

8. All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

   RESPONSE:

9. All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

   RESPONSE:

10. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

    RESPONSE:

11. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the AUGUST 13, 2014 claimed by Plaintiff(s).

    RESPONSE:

12. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

    RESPONSE:

13. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

    RESPONSE:

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

14. All indemnity agreements, confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

   RESPONSE:

15. A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the AUGUST 13, 2014 at issue to date.

   ANSWER:

### FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a)  the correct names of the parties to the lawsuits;
(b)  the name, address, and telephone number of any potential parties;
(c)  the legal theories and, in general, the factual basis of Plaintiff's claims;
(d)  the amount and any method of calculating economic damages;
(e)  the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(f)  for any testifying expert:
  (1)  the expert's name, address and telephone number;
  (2)  the subject matter on which the expert will testify;
  (3)  the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;
  (4)  if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
    (A)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
    (B)  the expert's current resume and bibliography;
(g)  any indemnity or insuring agreements;
(h)  any settlement agreements, described in Rule 192.3(g);
(i)  any witness statements, described in Rule 192.3(h);
(j)  all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(k)  all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Pennebaker Law Firm, a Professional Corporation, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217.

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Telecopier: (210) 562-2880

By: _____
DOUGLAS E. PENNEBAKER
State Bar No. 00788178
**Lead counsel email: Doug@pennebakerlaw.com**
ATTORNEY FOR PLAINTIFFS
AND
WILLIE MCALLEN
State Bar No. 24047468
MICHAEL R. DE LEON
State Bar No. 24055389

Electronically Submitted
9/14/2016 5:29:37 PM
Hidalgo County Clerks Office
Accepted by: Alma Navarro

CL-16-3608-D

## STIPULATION OF DAMAGES

TO THE HONORABLE JUDGE OF THIS COURT:

GREGORIO GALLEGOS AND CORAL GARZA D/B/A SUPER KIDS ACADEMY DAY CARE CENTER for the property located at 1522 N. Cage Blvd., Pharr, Texas 78577, hereby stipulates that the amount in controversy in the above-styled and numbered cause does not exceed the sum or value of $74,999.00, exclusive of interest and costs. Specifically, GREGORIO GALLEGOS AND CORAL GARZA D/B/A SUPER KIDS ACADEMY DAY CARE CENTER, stipulate and agrees that the "amount in controversy" includes any and all damages, exclusive of interest and costs, of which Plaintiffs seek to recover by and through the lawsuit filed herein.

Plaintiffs, GREGORIO GALLEGOS AND CORAL GARZA D/B/A SUPER KIDS ACADEMY DAY CARE CENTER, understands that this stipulation will be filed with the Court and understands that the stipulation will bind the parties in the above-referenced lawsuit to the terms stated herein and through their counsel hereby agrees that they will refuse to execute on the amount exceeding $74,999.00.

Lead counsel for Plaintiffs, Douglas Pennebaker of the PENNEBAKER LAW FIRM, agrees to waive any award in excess of $74,999.00.

**AGREED TO BY:**
PENNEBAKER LAW FIRM
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2888
Telecopier: (210) 562-2888

By:_____
DOUGLAS E. PENNEBAKER
State Bar No. 00788178
Email: Doug@Pennebakerlaw.com
ATTORNEY FOR PLAINTIFFS

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 14th day of August, 2016, to certify which witness my hand and official seal.



MELVINA MEDLEY TURNER
MY COMMISSION EXPIRES
MAY 16, 2017

Notary Public in and for the State of Texas